# City of Chicago v. Dan Hardy.

1. CITIES AND VILLAGES—*Power to License—Not a Power to Prohibit.*—The power granted to a city in respect to the occupation of soliciting for carriages is to license, regulate, tax and restrain runners for stages, cars, public houses, or other things, or persons, and does not include a power to prohibit, the business being laudable and legitimate.

2. CORPORATIONS—*Powers to be Strictly Construed.*—Courts adopt a strict rather than a liberal construction of powers of corporations whether public or private.

**Prosecution,** for the violation of an ordinance. Appeal from the Criminal Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

W. H. TATGE, attorney for appellant; SEYMOUR STEDMAN, of counsel.

No appearance for appellee.

This was a prosecution for an alleged violation of the city ordinance as to coaches, cabs and carts.

The facts agreed upon in this case are that the defendant, Dan Hardy, solicited for numerous carriages, for which he was not licensed as driver or owner, upon the premises of the Union Depot in the city of Chicago, the defense contending that under a license as a public porter or runner, the said Hardy had the liberty to solicit patronage for any and all carriages belonging to Leroy Eighme, without himself having a license as a driver for any of the carriages for which he so solicited.

The license to Hardy was as follows:

"No. 47.                                    Transfer."

BY THE AUTHORITY OF THE CITY OF CHICAGO.
(Runner.)

Permission is hereby given Leroy Eighme to employ Dan Hardy as a public porter or runner for 67 W. Monroe, in said city, until the first day of May next, said porter or

runner to wear badge numbered ——, subject, nevertheless, to a faithful observance, on the part of said employer and said porter or runner, of all the ordinances of said city now in force and which may hereafter be passed relating thereto. This license is subject to revocation by the mayor at any time, at his discretion."

Upon the back of this license was printed, among other things, the following:

" 1800.   No person shall at any railroad depot or station, steamboat, canal boat, propeller, dock or landing, or other place in this city, ask or solicit any traveler or other person or persons to ride in or use any hackney coach, cab, omnibus or other vehicle which runs for hire and for the conveyance of passengers, unless he or they shall have a license for that purpose first had and obtained; provided, that nothing herein contained is intended to prevent the owner or licensed driver of any licensed hackney coach, cab or omnibus from notifying any person that his hackney coach, cab or omnibus is licensed, and runs for hire for the conveyance of passengers.

1801.   No person shall, as a runner or porter at any place or any railroad or railway grounds, or on any street adjacent thereto, ask, solicit or engage any person to repair to any steamboat, railroad or other public conveyance, excepting such agents for other railroads, steamboats or other public conveyances as may be authorized thereto by the person having charge of the said passenger houses respectively; and persons so authorized shall, at all times when on duty, wear appropriate badges designating their employment; provided, that the provisions of this section shall not apply to any licensed hackman asking or soliciting custom for his hack while wearing the badges specified in section 1157 of article 12."

Mr. Justice Waterman delivered the opinion of the Court.

The power granted to the city in respect to the occupation of appellee, is " To license, regulate, tax and restrain

runners for stages, cars, public houses, or other things or persons." No. 43, Art. 5, Chap. 24, R. S.

This does not include a power to prohibit, the business being laudable and legitimate. Dillon on Municipal Corporations, Sec. 324; City of Chicago v. Rumpff, 45 Ill. 90; Schwuchow v. Chicago, 68 Ill. 444.

Courts adopt a strict rather than a liberal construction of powers to corporations, whether public or private. Dillon on Municipal Corporations, Sec. 91.

To solicit patronage for any legitimate and laudable business, is a matter of common right, which the ciiy can not prohibit unless the power so to do is plainly given. Dillon on Municipal Corporations, Sec. 325.

Sec. 1800 of the city ordinance provides that no person shall solicit any person to ride in any coach, unless he shall have a license for that purpose; so far as is shown by the record here presented, there is no way in which any person can obtain a license so to solicit; the ordinance is thus made prohibitory of a legitimate and laudable occupation. No authority to prohibit this business is given in the charter of the city.

The judgment of the Criminal Court is therefore affirmed.